UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DANNY H. BRANDT, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.   C07-940-MJP-MJB |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH LEHMAN, *et al.*, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at the Monroe Correctional Complex-Twin Rivers Unit.  He alleges in his complaint that his due process rights were violated when his release date was changed, causing a loss of 299 good-time days, without him being given an opportunity to examine the underlying evidence.  Plaintiff identifies the following individuals as defendants in his complaint: Joseph Lehman, former Secretary of the Washington Department of Corrections; Gary Fleming, former Superintendent of the Monroe Corrections Complex; Paul Leeburg, Correctional Program Manager at the Monroe Correctional Complex-Minimum Security Unit ("MCC-MSU"); Jon Schaller, Custody Unit Supervisor at the MCC-MSU; and, Duane Altheide, Correctional Counselor at the MCC-MSU.  Plaintiff appears to seek compensatory and punitive damages from defendants.

Defendants now move to dismiss plaintiff's complaint.[1]  Plaintiff opposes the motion.  This

---

[1] The pending motion to dismiss was filed on behalf of all defendants.  However, it does not appear that Gary Fleming or Paul Leeburg have ever been served and, thus, they are not deemed defendants in this action.

REPORT AND RECOMMENDATION
PAGE - 1

1  Court, having reviewed plaintiff's complaint, defendants' motion to dismiss, plaintiff's opposition

2  thereto, and the balance of the record, concludes that defendants' motion to dismiss should be

3  granted and this action should be dismissed without prejudice.

## DISCUSSION

5  Plaintiff asserts in his civil rights complaint that, while incarcerated at the MCC-MSU, his

6  release date was changed causing a loss of 299 good-time days. (Dkt. No. 4 at 4.) Plaintiff further

7  asserts that he was not given the opportunity to examine the evidence which was relied upon to

8  support the change in his release date and, thus, he had no opportunity to challenge the validity of

9  that evidence. (*Id.* at 4-5.) Plaintiff claims that Joseph Lehman and Gary Fleming failed to establish

10 a hearing process that would protect his due process rights. (*Id.* at 5.) He further claims that John

11 Schaller, Duane Altheide and Paul Leeburg refused to allow him to examine the evidence and/or

12 failed to ensure that the evidence was made available to him, thereby denying him his right to due

13 process. (*Id.*) Plaintiff states in his complaint that these events occurred on October 31, 2003. (*Id.*)

15 Defendants argue in their motion to dismiss that plaintiff's due process claim is barred by the

16 statute of limitations. They further argue that plaintiff's due process claims are not cognizable under

17 § 1983 pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court must necessarily address

18 defendants' latter argument first.

19 Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy

20 is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). In *Heck v.*

21 *Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a § 1983 claim that calls

22 into question the lawfulness of a prisoner's conviction or confinement does not accrue "unless and

23 until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a

24 writ of habeas corpus." *Heck*, 512 U.S. at 489. Where a prisoner claims that unfair procedures in an

REPORT AND RECOMMENDATION
PAGE - 2

1  institutional proceeding resulted in the deprivation of good-time credits, and a decision in the

2  prisoner's favor with respect to that claim would necessarily imply the invalidity of the deprivation

3  of good time credits, the claim is not cognizable under § 1983 absent some showing that the

4  deprivation of good-time credits has previously been invalidated.  *See Edwards v. Balisok*, 520 U.S.

5  641, 646-48 (1997).

6      A decision in plaintiff's favor on his claims challenging the procedures which resulted in the

7  deprivation of his good-time credits would necessarily imply the invalidity of that deprivation.

8  While it appears from the parties' motion papers that plaintiff has pending in the state courts a

9  personal restraint petition challenging the loss of his good-time credits, nothing in the record suggests

10  that the deprivation of plaintiff's good-time credits has been invalidated.  Plaintiff's due process

11  claims are therefore not cognizable in this § 1983 action and defendants' motion to dismiss pursuant

12  to *Heck* should be granted.  Because defendants successfully argue that, under *Heck*, plaintiff's

13  § 1983 claims have not yet accrued and are therefore not cognizable in this proceeding, their statute

14  of limitations argument is moot.

## CONCLUSION

16      As plaintiff's due process claims are not cognizable in this § 1983 action, this Court

17  recommends that defendants' motion to dismiss be granted, and this action be dismissed without

18  prejudice.  A proposed order accompanies this Report and Recommendation.

19      DATED this 31st day of January, 2008.

                                    MONICA J. BENTON
                                    United States Magistrate Judge